# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD ROBINSON,  )<br>  )<br>Petitioner,  )<br>  )<br>vs.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>Respondent.  ) | Case No: 4:12CV83HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Donald Robinson's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Case Management Order, and Movant has filed a Reply thereto. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

A grand jury indicted Movant, charging him in a six count indictment with two counts of maintaining a drug-involved premises; possession with intent to distribute more than fifty grams of methamphetamine; two counts of possession of at least one firearm in furtherance of a drug-trafficking crime; and possession with intent to distribute more than five grams of methamphetamine.

On March 3, 2009, after a two day bench trial, the Court convicted Movant on all six counts.

Movant appealed his conviction arguing that there was insufficient evidence to support his June-based § 924(c) charge (Count VI); (2) the District Court violated his Sixth Amendment confrontation rights in allowing one chemist to testify to the findings made by another chemist; (3) a proper chain of custody was not established as the substance evidence; and (4) Movant's 300-month sentence under Count VI constituted cruel and unusual punishment. The Eighth Circuit affirmed the judgment and conviction of this Court on August 18, 2010. *United States v. Donald Robinson*, 617 F.3d 984 (8th Cir. 2010). Movant filed a motion for rehearing. That motion was denied on October 21, 2010.

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on January 17, 2012.

## CLAIM FOR RELIEF

Movant has raised the following grounds for post-conviction relief:

**Ground One:** Counsel was ineffective in failing to inform him of the plea agreement offered by the government and advise him that if he proceeded to trial, he faced a mandatory 300 month sentence on Count VI.

**Ground Two**: Ineffective assistance of counsel by counsel misinforming him concerning the need for his waiver of jury trial.

**Ground Three:** Ineffective assistance of counsel in failing to investigate and present evidence that had a reasonable probability of affecting the outcome of the trial.

**Ground Four:** Movant was denied his right to due process of law under the Fifth Amendment due to prosecutorial misconduct.

**Ground Five:** Movant was denied his right under U.S. Const. Amend. VI to effective assistance of counsel and to confront adverse witnesses when trial counsel stipulated to the testimony of a laboratory technician who was not present "by mistake" and without obtaining an informed waiver from Movant.

**Ground Six:** Ineffective assistance of counsel by counsel failing to object to the testimony of Movant's wife, Virginia Robinson, concerning privileged communications between herself and her husband.

**Ground Seven:** Ineffective assistance of counsel by counsel failing to raise meritorious arguments in his motion to suppress evidence seized in the searches of Movant's home.

## STANDARD FOR RELIEF UNDER 28 U.S.C. 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d

1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also

5

establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that,

6

but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**: Counsel was ineffective in failing to inform him of the plea agreement offered by the government and advise him that if he proceeded to trial, he faced a mandatory 300 month sentence on Count VI.

Movant sets out that the prosecutor sent his attorney a proposed plea agreement. In the proposed plea agreement, in exchange for movant's plea of guilty to Counts II and III, the government would dismiss Counts I, IV, V, and VI. The total sentence range would have been 106-117 months' imprisonment.

7

As Respondent correctly argues, Movant admits in his pleadings that counsel did indeed inform him of the government's offer. Movant rejected the offer by advising his attorney to make a counter-offer. Ground one is denied.

**Grounds Two**: Ineffective assistance of counsel by counsel misinforming him concerning the need for his waiver of jury trial.

Movant argues that counsel was ineffective for advising him that in order to preserve an appeal of the adverse ruling on his motion to suppress, he must waive a jury trial. Unfortunately, Movant's trial counsel, Mr. Frank Anzalone is deceased, and therefore unable to provide the Court with an affidavit of any kind. Movant's claim, however, provides no relief. Considering Mr. Anzalone's practice in this Court and the Court's numerous interactions with Mr. Anzalone over several years in both the federal and state court systems, the Court finds it unlikely that Mr. Anzalone would have mistakenly advised Movant in such a manner.

More importantly, the record belies Movant's claim. In his closing argument, Mr. Anzalone articulated his rationale for advising Movant to waive a jury trial.

> The reason why I chose to try the case to the Court is because it realizes the issue of drugs and the terrible toll that methamphetamine has taken and the emotions, that one can easily become wrapped up in the emotions and ignore the facts of the case and specifically the burden of proof....

Clearly, Mr. Anzalone's trial strategy was to avoid problems and any emotions against methamphetamine jurors may have that could have impacted on their decision. This rationale fits squarely within the parameters of trial strategy.

Indeed, as the government points out, Movant has raised this issue for the first time in this Motion. He did not address the Court with his contrary position regarding the jury waiver at any proceeding in this matter, in spite of the fact that the Court allowed allocution at sentencing and ample time between the conviction and sentencing passed such that Movant could have approached the Court regarding this issue.

Moreover, the Court, after sentencing, advised Movant of his appeal rights. Movant at that time remained silent on the issue of the alleged advice regarding waiver of jury trial. Movant's subsequent self-serving declaration cannot negate the record before the Court.

**Ground Three:** Ineffective assistance of counsel in failing to investigate and present evidence that had a reasonable probability of affecting the outcome of the trial.

Movant argues that counsel was ineffective for failing to call his brother, Darrell Robinson, Mary Eyberg Brent, Tim Mansfield and Dana McNaughty, and failed to cross examine Virginia Robinson about Virginia calling his home and

9

telling his mother and sister that she was being threatened with prosecution if she refused to waive her marital privilege and testify against her husband.

At the outset, the Court notes that decisions of trial strategy, including whether to call witnesses, generally will not support a finding of ineffective assistance of counsel. *Strickland,* 466 U.S. at 689; *United States v. Staples,* 410 F.3d 484, 488 (8th Cir.2005). In conducting an analysis of whether defense counsel's failure to call certain witnesses is prejudicial, the Court must be mindful of the following: (1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution. *McCauley–Bey v. Delo,* 97 F.3d 1104, 1106 (8th Cir. 1996).

Movant argues that calling his brother to testify would have established that Movant did not have exclusive control of the workshop area where the drugs and firearms were found; his wife had access to the workshop; the key to the workshop was readily accessible to anyone in the house.

Regarding Mary Eyberg Brent, Movant argues that she would have testified that Movant did not live at the residence in June 2007 and that he was staying with her.

Movant also argues that counsel should have presented the testimony of Tim Mansfield and Dana McNaughty. They would have testified that they were staying in the bedroom where drugs were found during the second search in June, 2007' that the water pipe belonged to Mr. Mansfield; that the drugs belonged to Mr. Mansfield; that Movant was not staying in the house; and that he had no knowledge of what was at the house during the second search.

As to Movant's claim that counsel was ineffective for failing to cross-examine his wife about calling his mother and sister, Movant has presented their declarations in which they declare that Virginia Robinson telephoned them and stated that she was being threatened with prosecution if she refused to waive her marital privilege and testify against Movant, that she was being offered inducements and that she was under the influence of drugs during her testimony.

As the government argues, the testimony proposed by Movant was impeachable: Mr. Robinson's statement that he would have testified that his brother did not have exclusive control of the property was subject to challenge for lack of foundation. Also, there is nothing in his proposed testimony to dispute the fact that Virginia did not have access to the cabinet in the workshop or the safes in the house.

Whether Movant was living in the house, as the proposed testimony of Mary Eyberg Brent would have been, is contradicted by the testimony of his wife.

11

Movant had mail addressed to him at the house, postmarked June, 2007, and Movant was coming out of the bathroom when the police executed the warrant.

Mr. Mansfield and Ms. McNaughty likewise were witnesses who could not help in Movant's defense. The government acknowledged that they were living in the residence, and had they admitted the use of drugs in the house, Movant's defense would not have been furthered in any way.

The government's case against Movant would not have been weakened by the presentation of the testimony proposed. Indeed, it may have established a stronger case for the government considering the totality of the testimony.

As to the alleged failure to thoroughly cross examine Movant's wife, Movant's argument fails upon examination of the record. Counsel did question Virginia Robinson regarding her drug usage, her contact with Movant's sister and mother and any alleged threats.

**Ground Four:** Movant was denied his right to due process of law under the Fifth Amendment due to prosecutorial misconduct. Movant argues his wife was being threatened. However, as the record establishes, Virginia testified that she was not being threatened. Mr. Stevens has submitted an affidavit averring that there were no threats or promises made to Mrs. Robinson regarding her testimony. Indeed, the Court conducted a colloquy with Mrs. Robinson before she testified, in which the Court itself ascertained the voluntary nature of the testimony

12

**Ground Five:** Movant was denied his right under U.S. Const. Amend. VI to effective assistance of counsel and to confront adverse witnesses when trial counsel stipulated to the testimony of a laboratory technician who was not present "by mistake" and without obtaining an informed waiver from Movant.

Movant cannot prove the prejudice prong of his claim of ineffective assistance of counsel because counsel stipulated to a different technician testifying regarding the methamphetamine. Had counsel not stipulated, the technician performing the tests would have been brought in to testify regarding the methamphetamine. Movant fails to produce anything to establish that this testimony would have been different.

**Ground Six:** Ineffective assistance of counsel by counsel failing to object to the testimony of Movant's wife, Virginia Robinson, concerning privileged communications between herself and her husband.

Movant claims that it was ineffective assistance of counsel when counsel failed to object to Mrs. Robinson's testimony about a privileged communication between herself and her husband.

Counsel initially objected to Mrs. Robinson's testimony as a violation of spousal communication privilege. The Court overruled the objection. Defense counsel requested counsel for Mrs. Robinson regarding spousal communications. The Court granted the request. Moreover, Mr. Stevens advised the Court that he

13

did not want to hear about Movant and Mrs. Robinson's communications, rather, he only wanted to hear about her observations; what she saw and what she was aware of that was happening at the residence.

**Ground Seven:** Ineffective assistance of counsel by counsel failing to raise meritorious arguments in his motion to suppress evidence seized in the searches of Movant's home.

**Ground Seven:** Ineffective assistance of counsel by counsel failing to raise meritorious arguments in his motion to suppress evidence seized in the searches of Movant's home.

Movant argues that counsel failed to raise meritorious arguments in his motion to suppress. As the government correctly the points out, counsel raised numerous issues in the motion:

> (1) the search warrant did not describe the persons or items to be seized with particularity; (2) the search warrant and application in support of the warrant erroneously referred to methamphetamine as a narcotic; (3) the affidavit in support of the application for the search warrant was deficient in that the information contained therein was stale; (4) the search warrant was executed by the officers in the middle of the night without the requisite showing of necessity as required by Missouri law; and (5) the items seized by the officers exceeded the purview of the search warrant.

The motion to suppress was thoroughly examined by Judge Medler. Counsel filed objections to her Report and Recommendation. This Court overruled the objections and adopted Judge Medler's recommendation that the Motion be denied.

14

Counsel is not compelled to present arguments Movant suggests. *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994). Judge Medler, however, did address certain of Movant's concerns regarding particularity and the overall validity of the warrant.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

15

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 16th day of March, 2015.

_____
   HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE